IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **WILLIAM HARRIS**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:08-CV-1750-L** |
| § | |
| **NEW WERNER HOLDING, CO. INC.,** § | |
| **LOWE'S COMPANIES, INC., and** § | |
| **JEFF KERR,** § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff's Motion to Remand, filed October 16, 2008; Defendant Werner's Unopposed Motion for Leave to File First Amended Answer, filed April 3, 2009; Joint Motion to Modify Scheduling Order, filed April 3, 2009; Defendant[] [Lowe's Companies, Inc.'s] Unopposed Motion for Leave to File First Amended Answer, filed April 6, 2009; Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint, filed April 7, 2009. After careful consideration of the motions, parties' positions, and applicable law, the court **denies** Plaintiff's Motion to Remand; and **grants** Defendant Werner's Unopposed Motion for Leave to File First Amended Answer, Joint Motion to Modify Scheduling Order, Defendant[] [Lowe's Companies, Inc.'s] Unopposed Motion for Leave to File First Amended Answer, and Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint.

**I.     Plaintiff's Motion to Remand**

William Harris ("Plaintiff" or "Harris") originally filed this action on August 20, 2008, in County Court at Law No. 2, Dallas County, Texas against New Werner Holding, Co., Inc.

("Werner"), Lowe's Companies, Inc. ("Lowe's"), and Jeff Kerr ("Kerr"), (collectively, "Defendants").

This is a products liability case. Harris contends that he was injured when a ladder on which he was standing allegedly collapsed and injured him. He contends that Werner's defective design, manufacturing, and marketing of the ladder caused the ladder to collapse and injure him. According to Plaintiff, Lowe's and Kerr sold him the ladder. He also brings claims for negligence and gross negligence, and seeks compensatory and exemplary damages.

Werner removed this action to federal court on October 1, 2008, on grounds that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff seeks a remand of this action because he contends that there is not complete diversity between the parties because Harris and Kerr are both citizens of the state of Texas. Werner counters that Kerr's citizenship is to be disregarded because he was improperly joined.

**A.     Improper Joinder Standard**

A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 992 (2005). In *Smallwood*, the court "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred." *Id*. at 572. Accordingly, the court uses the term "improper joinder" rather than "fraudulent joinder." As the party wishing to invoke federal jurisdiction by alleging improper joinder, Werner must establish that Kerr was joined by Harris to

defeat diversity of citizenship and therefore subject matter jurisdiction. Subject matter jurisdiction based on diversity of citizenship exists only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). In considering citizenship, however, the court considers only the citizenship of real and substantial parties to the litigation; it does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980).

To establish improper joinder, Werner must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since Werner does not assert fraud by Plaintiff, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "If there is arguably a reasonable basis for predicting that state law might impose liability

**Memorandum Opinion and Order - Page 3**

on the facts involved, then there is no [improper] joinder." *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted). "This possibility, however, must be reasonable, not merely theoretical." *Id*. If there is a reasonable possibility that Plaintiff can recover on any of his claims, the case must be remanded. In making this determination regarding improper joinder, a court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citations omitted).

In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant"; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990).

**B.     Discussion**

Werner contends that Harris cannot recover against Kerr or Lowe's because section 82.003 of the Texas Civil Practice and Remedies Codes bars recovery against non-manufacturing sellers of an allegedly defective product. Although placed on notice of this argument in Werner's removal notice and response, Harris did not address this argument in his motion to remand or file a reply to Werner's response to the motion to remand. This statute provides as follows:

> (a) A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:
> (1) that the seller participated in the design of the product;
> (2) that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification;
> (3) that the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product;
> (4) that:
> > (A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product;
> > (B) the warning or instruction was inadequate; and
> > (C) the claimant's harm resulted from the inadequacy of the warning or instruction;
> (5) that:
> > (A) the seller made an express factual representation about an aspect of the product;
> > (B) the representation was incorrect;
> > (C) the claimant relief on the representation in obtaining or using the product; and
> > (D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;
> (6) that:
> > (A) the seller actually knew of a defect to the product at the time the seller supplied the product; and
> > (B) the claimant's harm resulted from the defect; or
> (7) that the manufacturer of the product is:
> > (A) insolvent; or
> > (B) not subject to the jurisdiction of the court.
> (b) This section does not apply to a manufacturer or seller whose liability in a products liability action is governed by Chapter 2301, Occupations Code. In the event of a conflict, Chapter 2301, Occupations Code, prevails over this section.

Tex. Civ. Proc. & Rem. Code Ann. § 82.003 (Vernon 2005).

**Memorandum Opinion and Order - Page 5**

As previously stated, Plaintiff did not address section 82.003 in his motion or reply to Defendants' response to the removal motion. The court therefore determines that he does not dispute the applicability of section 82.003. The court determines that Plaintiff's claims as pleaded in Plaintiff's Original Petition do not set forth a cause of action as permitted under section 82.003. Plaintiff wholly fails to state why any of his claims would fall within any of the exceptions set forth in section 82.003 and fails to offer any summary-type proof that his claims are not barred by section 82.003. There is no reasonable basis for predicting that Plaintiff could recover against Defendants Kerr or Lowe's. Accordingly, the court **concludes** that Kerr was improperly joined and **denies** Plaintiff's Motion to Remand.

**II.**     **Other Motions**

With respect to Defendant Werner's Unopposed Motion for Leave to File First Amended Answer; Joint Motion to Modify Scheduling Order; Defendant[] [Lowe's Companies, Inc.'s] Unopposed Motion for Leave to File First Amended Answer; and Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint the court **determines** that they should be **granted**. All serve the interest of justice, and no party suffers any legal prejudice if the court grants the motions. Accordingly, Plaintiff shall file his amended complaint within three business days of this order. Although Defendants' New Werner Holding Co. and Lowe's Companies, Inc. both filed their motions for leave prior to Plaintiff's motion for leave, the court directs these Defendants to file their responsive pleadings within three business days after Plaintiff files his amended pleading. Further, the court **amends** its scheduling order of November 5, 2008, to allow Defendants until **May 6, 2009**, to designate their experts and produce expert reports. The court also **extends** the deadline to challenge experts to **August 6, 2009.**

**Memorandum Opinion and Order - Page 6**

**It is so ordered** this 1st day of May, 2009.

_____
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 7**