IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WILLIAM HARRIS**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:08-CV-1750-L** |
| | § | |
| **NEW WERNER HOLDING CO., INC.,** | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is New Werner Holding Co., Inc.'s Motion for Final Summary Judgment, filed June 23, 2009. William Harris ("Plaintiff" or "Harris") filed no response to the motion for summary judgment. After careful consideration of the motion, brief, appendix, record, and applicable law, the court **grants** New Werner Holding Co., Inc.'s Motion for Final Summary Judgment.

**I.      Background**

Harris originally filed this action on August 20, 2008, in County Court at Law No. 2, Dallas County, Texas, against New Werner Holding Co., Inc. ("New Werner"), Lowe's Companies, Inc. ("Lowe's"), and Jeff Kerr ("Kerr") (collectively, "Defendants").

Werner removed this action to federal court on October 1, 2008, on grounds that diversity of citizenship existed between the parties and that the amount in controversy exceeded $75,000, exclusive of interest and costs. Plaintiff moved to remand this action on grounds that there was not complete diversity between the parties because Harris and Kerr are both citizens of the state of Texas. The court denied the motion to remand on May 1, 2009.

On May 6, 2009, Harris filed Plaintiff's First Amended Complaint ("Complaint"). Although allegations are set forth against Lowe's and Kerr in the Complaint, these two parties and Harris had

reached a settlement at the time the Complaint was filed.  The Complaint also names Lowe's Home Centers, Inc. as a defendant; however, Lowe's Home Centers, Inc. was not named as a party in Plaintiff's Original Petition in state court.

On June 5, 2009, Harris, Lowe's, and Kerr filed an Agreed Motion to Dismiss.  The court granted the motion and dismissed the action with prejudice as to the settling parties.  The motion and agreed order make no reference to Lowe's Home Centers, Inc., but the court assumes that it is no longer a party to this action because Plaintiff's Complaint states that "Plaintiff . . . Lowe's[,] and its related entities, are in the process of finalizing a settlement of their portion of this case."  Pl.'s First Am. Compl. ¶ 2.03.  Moreover, in the Notice of Agreement to Extend Discovery Deadlines, filed June 8, 2009, the parties state that Lowe's Home Centers, Inc. and Jeff Kerr have settled their portion of this action.

Harris contends that his injuries arise from design, manufacturing, and marketing defects by New Werner.  He sues under theories of strict liability, negligence, and gross negligence.  As a result of his alleged injuries and New Werner's alleged conduct, he seeks compensatory and exemplary damages.

New Werner has filed a motion for summary judgment and contends that Plaintiff's claims against it fail because: (1) New Werner did not design, manufacture, or market the ladder in question; (2) New Werner did not "expressly assume" liability of Old Ladder Company; (3) expert testimony does not exist to support any of Plaintiff's claims; and (4) Plaintiff affirmatively disproved the causation element of each of his claims.

II.    <u>**Summary Judgment Standard When No Response Is Filed**</u>

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458.  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue.  *Matsushita*, 475 U.S. at 586.  Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.  *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).  The party opposing summary judgment is required to identify specific evidence

in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Harris filed no response to the summary judgment motion. This failure, of course, does not permit a court to enter a "default" summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). When no response is filed, such failure does permit the court to accept as undisputed the evidence set forth in support of a movant's motion for summary judgment. *Id.* Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)) Plaintiff's pleadings are not verified and, therefore, he has presented no summary judgment evidence to dispute Defendant's version of the facts.

III.    **Undisputed Facts**

On May 15, 2003, Plaintiff purchased a ladder from one of Lowe's Home Centers, Inc.  On February 20, 2007, while Plaintiff was on the ladder, the legs of the ladder collapsed, and Plaintiff fell on his left side, injuring his face, shoulder, arm, hand, and body in general.

The ladder in question was designed, manufactured and marketed by an entity now known as Old Ladder Company, formerly known as Werner Company.  In 2006, Werner Company filed for and obtained bankruptcy protection.

In 2007, New Werner Holding Co. (DE), LLC was formed for the purpose of purchasing substantially all of the assets of Werner Company, a Pennsylvania Corporation, Werner Holding Co. (PA), Inc., Werner Holding Co. (DE), Inc., and WIP Technologies, Inc. (collectively, the "Bankrupt Entities").   The purchase of the assets was overseen and approved by the Bankruptcy Court for the District of Delaware.  Upon approval of the purchase, the bankruptcy court entered an order on April 25, 2007, holding that New Werner Holding Co. (DE), LLC: (1) did not assume the liability of the Bankrupt Entities for product liability claims; (2) was not a successor to the Bankrupt Entities; and (3) was not a continuation of the former enterprise.  Later, New Werner Holding Co. (DE), LLC was converted to a Delaware corporation as New Werner Holding Co., Inc., which is one of the defendants in this action.

IV.    **Analysis**

A.    **New Werner did not design, manufacture, or market the ladder**.

As previously stated, no response was filed by Harris.  When, no response is filed, the court is permitted to accept as undisputed the facts and evidence in support of a movant's summary judgment motion.  *Eversley v. MBank*, 843 F.2d at 174.  Accordingly, the court has relied on the

undisputed facts presented by New Werner.  The evidence indicates that the ladder in question was made in April 2003 and purchased by Harris in May 2003.  New Werner's predecessor was formed in March 2007, almost four years after the ladder was made.  As New Werner did not come into existence until March 2007, it could not have possibly designed, made, or marketed the product at the time Plaintiff purchased it in May 2003.  Plaintiff has failed to show the requisite causal connection on the part of New Werner with respect to his claims under strict liability, negligence, or gross negligence.  Accordingly, there is no genuine issue of material fact with respect to whether New Werner designed, manufactured, or marketed the ladder, and New Werner is entitled to judgment as a matter of law on all of Plaintiff's claims.

> **B.     New Werner did not expressly assume Old Ladder Company's liability.**

Alternatively, a second independent ground entitles New Werner to summary judgment. Under Texas law, when a corporation acquires all or substantially all of the assets of another corporation, the acquiring corporation does not become "responsible or liable for any liability or obligation of the selling corporation that [it] . . . did not expressly assume." Tex. Bus. Corp. Act Ann. art. 5.10(B)(2) (Vernon 2003).  *See also Sitaram v. Aetna U.S. Healthcare of N. Tex., Inc.*, 152 S.W.3d 817, 828 (Tex. App.–Texarkana 2004, no pet.).  Nothing in the record establishes, or even intimates, that New Werner expressly assumed any of Old Ladder's obligations or liability.  Indeed, the evidence in the record presented by New Werner, including the labyrinthian bankruptcy court order, the Asset Purchase Agreement, and the Affidavit of David P. Stankovich, establishes that it did not assume the liabilities or obligations of, or become a successor to, the Bankrupt Entities.  The court therefore determines that no genuine issue of material fact exists with respect to whether New Werner expressly assumed the obligations or liabilities of Old Ladder Company, or any other

bankrupt entity, and New Werner is therefore entitled to judgment as a matter of law on all of Plaintiff's claims.

### C.  The court will not address other grounds for summary judgment.

In addition to the grounds already discussed regarding summary judgment, New Werner contends that expert testimony does not exist to support Plaintiff's claims and that Plaintiff affirmatively disproved the causation element of each of his claims.  The court has concluded that two grounds exist independently to grant summary judgment in favor of New Werner.  Accordingly, the court finds it unnecessary to address these additional grounds asserted by New Werner.

## V.  Conclusion

For the reasons herein stated, the court concludes that no genuine issues of material fact exist with respect to any of Plaintiff's claims.  Accordingly, the court **grants** New Werner Holding Co., Inc.'s Motion for Final Summary Judgment, and **dismisses with prejudice** all claims against it.  As required by Rule 58 of the Federal Rules of Civil Procedure, the court will issue judgment in favor of New Werner by separate document.

**It is so ordered** this 16th day of September, 2009.


Sam A. Lindsay
United States District Judge