IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **WILLIAM HARRIS**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:08-CV-1750-L** |
| § | |
| **NEW WERNER HOLDING CO., INC.**, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are (1) Plaintiff's Motion for New Trial; (2) Motion for Leave to Late File; (3) Motion to Reconsider; and (4) Motion to Reinstate the Case on the Court's Docket, all filed September 28, 2009 (collectively, the "Motions"). The court considered these Motions at a hearing held November 17, 2009. After careful consideration of the record, the Motions, responses, applicable law, and arguments advanced at the hearing, the court now **denies** all four Motions.

**I.   Background**

Defendant filed a motion for summary judgment in this case on June 23, 2009. Plaintiff did not file a response. On September 16, 2009, the court granted Defendant's motion for summary judgment and entered a final judgment in this case. Twelve days following the court's entry of judgment, Plaintiff filed the Motions, seeking a new trial or alternatively leave to file a late response to Defendant's motion for summary judgment, reconsideration of the court's September 16, 2009 order and judgment, and reinstatement of this case on the court's docket. The court held a hearing on November 17, 2009, where it heard arguments by the parties in support of and in opposition to the Motions. The court now issues this memorandum opinion and order with its determination.

**Memorandum Opinion and Order – 1**

**II.     Standard**

Plaintiff's motion for "new trial" would only be appropriate had the case been tried to a jury or to the court. Where, as here, the court has disposed of the case on a motion for summary judgment, such a motion is properly classified as one filed pursuant to Rule 59(e). *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996) ("The Patins' reconsideration motion was styled as a motion for new trial, pursuant to Fed. R. Civ. P. 59(a), but was correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment."). As Plaintiff's remaining motions turn on the reconsideration of the court's entry of summary judgment, the court will analyze the Motions pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Under Rule 59(e), "[m]otions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). Such motions may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *See generally* 11 C. WRIGHT, A. MILLER & M. KANE § 2810.1 at 127-28 (2d ed. 1995); *see also Simon*, 891 F.2d at 1159. When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). District courts have "considerable discretion in deciding whether to grant or deny

**Memorandum Opinion and Order – 2**

a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.* With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

**III.     Analysis**

At the November 17, 2009 hearing, Plaintiff's counsel explained to the court that a perfect storm of unfortunate and tragic events culminated in a failure to calendar the response deadline to Defendant's motion for summary judgment. He advised the court that these events included his own heart problems, resulting in surgery, the death of his legal assistant's grandchild, and general confusion arising from a canceled mediation date. The court understands that a family death is a tragic event and appreciates the adverse effects that severe heart problems can have on work performance. Given the length of time, however, between Plaintiff's response deadline and the date that the court ultimately ruled on Defendant's motion for summary judgment—which afforded more than two months for Plaintiff's counsel to become aware that the motion was pending after his response deadline had passed—the special considerations raised at the hearing by Plaintiff's counsel become less of a factor due to the significant passage of time.

After reviewing the record and listening to the arguments presented at the hearing, it is clear to the court that the facts and circumstances surrounding the Motions fall short of the Rule 59(e) standard. Plaintiff's counsel could not identify a manifest error of law or fact that the court had committed in issuing its September 16, 2009 order and judgment. Although Plaintiff did offer new evidence to the court concerning a Stipulation Agreement between Defendant and other entities,

Plaintiff conceded that such evidence did not rise to the level of "newly discovered" evidence as required by Rule 59(e). Further, Plaintiff could not provide the court with any Fifth Circuit authority to support his position within the context of a Rule 59(e) motion. The court, after its own review of the applicable case law, could find no Fifth Circuit case that closely paralleled the facts here, but did locate a Northern District of Texas opinion that the court deems analogous.

In that case, the plaintiff moved for a new trial following entry of summary judgment dismissing her lawsuit after she failed to respond to the motion. *Gonzalez v. State Fair of Texas, Inc.*, No. 3:99-CV-1414-D, 2000 WL 326165, at *1 (N.D. Tex. Mar. 24, 2000). Her counsel failed to properly calendar the response deadline, and the court granted summary judgment against her four days after the deadline passed. *Id.* at *1-2. The court held that the plaintiff's counsel did not demonstrate a valid excuse for failing to respond or for failing to request an extension of the response date, notwithstanding that he was preparing for another trial when the defendant's motion for summary judgment was filed. *Id.* at *2. Here, however, Plaintiff's counsel had more than two months to request an extension of the response date. Plaintiff's response was due on July 13, 2009, under the Local Civil Rules. Had he filed a response at any time prior to the court's issuance of its September 16, 2009 order and judgment, the court would have allowed the response to be considered even though it was late, reasoning that Defendant would not have suffered legal prejudice because it would have had an opportunity to reply. For the court to do otherwise would exalt form over substance.

The situation here, however, is different. This not a simple case of excusable neglect involving a minor slip-up or a missed deadline or failure to request a time extension. The court has already issued its final judgment in this case and is bound by the strict Rule 59(e) standard.

**Memorandum Opinion and Order – 4**

Applying this standard, the court determines that it cannot grant the relief that Plaintiff requests. Further, the court determines that even if it were to consider the "new evidence" offered by Plaintiff's counsel at the hearing, such evidence would not have changed the outcome of the court's September 16, 2009 order and judgment.

## IV.     Conclusion

For the reasons stated herein, the court **denies** Plaintiff's Motion for New Trial; Motion for Leave to Late File; Motion to Reconsider; and Motion to Reinstate the Case on the Court's Docket. The court's memorandum opinion and order and judgment of September 16, 2009, will not be reconsidered and will stand as the final determination of this case.

**It is so ordered** this 25th day of November, 2009.

Sam A. Lindsay
United States District Judge